ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona
MICHAEL JETTE
Assistant U.S. Attorney
Arizona State Bar #021843
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Michael.jette@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 18-01785-JGZ (BGM) |
| Plaintiff, | AMENDED |
| | PLEA AGREEMENT |
| vs. | |
| Luis Rivera | Fast Track U.S.S.G. § 5K3.1 |
| (dba L&R Trucking, LLC) | |
| (dba Sunset Trucking, LLC), | |
| Defendant. | |

The parties enter into the following agreement:

1. Defendant will enter a plea to Count 9 of the Indictment, Unlawful Employment of Aliens, a misdemeanor offense, in violation of 8 U.S.C. §§ 1324a(a)(1)(A); 1324a(a)(2); 1324a(f); and 1324a(a)(3).

2. The government will dismiss counts 1-8 in the Indictment charging the defendant with Harboring Illegal Aliens for Profit, a felony, in violation of 8, United States Code, Section 1324(a)(1(A)(iii) and 1324(a)(1()B)(i). The government will dismiss these charges at the time of sentencing.

3. The elements of Unlawful Employment of Aliens are as follows:

a. The defendant knowingly hired, continued to employ, and engaged in a pattern of practice of hiring and continuing to employ

b. Aliens who were unauthorized by law with respect to such employment (as

defined in Title 8 United States Code, Section 1324a(a)(h)(3));

  c. With knowledge that the aliens were unauthorized for such employment.

4. The maximum penalty for the offense to which the defendant is pleading guilty is six (6) months in custody, a maximum fine of $3,000 for each unauthorized alien, or both, and a $10 special assessment.

5. **Pursuant to this plea agreement and Fed. R. Crim. P.11(c)(1)(C), the government and the defendant stipulate to no jail time.**

6. **As a condition of this plea, the defendant agrees to pay $10,000.00 in fines for the hiring of seven unauthorized aliens. Forfeiture of $40,000.00, which includes (1) a 2008 Freightliner Corp. Cascadia, VIN: 1FUJGLCK98LAA7190 and (2) a 2009 Freightliner Corp. Cascadia, VIN: 1FUJGLCK09LAF1757 In addition, the defendant agrees to make two monthly payments, March 14, 2019 and April 14, 2019, of $5,000.00 each against the balance owed.**

7. ***These actions did not constitute a violation of INA 274(a)(1)(A) or (a)(2).***

8. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences may be the subject of a separate judicial or administrative proceeding, and the defendant has discussed the direct and collateral implications this plea agreement may have with his or her defense attorney. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

9. Defendant waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

10. Factual Basis for Plea:

From March 20, 2018 and continuing through July 3, 2018, defendant LUIS RIVERA hired E.C-V., J.U-J., A.E.-A., F.L-S., O.G-G., J.A-P., O.C., AND E.E-E., all who were unauthorized aliens to drive semi-trucks of merchandize on behalf of defendant LUIS RIVERA and his companies. Defendant LUIS RIVERA knew these aliens were unauthorized to work in the United States. Defendant LUIS RIVERA also took steps to conceal the employment and work of each of the unauthorized aliens.

## AGREEMENT AS TO FORFEITURE

a. Defendant, Luis Rivera, dba L&R Trucking, LLC and dba Sunset Trucking, LLC, knowingly and voluntarily agrees to forfeit all right, title and interest in:

1. a 2008 Freightliner Corp. Cascadia, VIN: 1FUJGLCK98LAA7190, and
2. a 2009 Freightliner Corp. Cascadia, VIN: 1FUJGLCK09LAF1757.

b. Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the asset listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

c. Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him/her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his/her guilty plea is accepted.

e. Defendant knowingly and voluntarily agrees to waive all constitutional, legal,

and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

  f. Defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset covered by this agreement.

  g. Defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

5/6/19
Date

X /s/ Luis Rivera
Luis Rivera
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this

- 4 -

agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

5-6-19
Date

Matt Davidson, Esq.
Attorney for Defendant

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

6 May 19
Date

for Mike Jette
Assistant U.S. Attorney